UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-cv-00424-NT |
| | ) | |
| v. | ) | |
| | ) | |
| FRED L. WHEELER, II & LANDSCAPE | ) | |
| CENTER OF MAINE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants Fred L. Wheeler, II ("Wheeler") and Landscape Center of Maine ("Landscape Center" and together with Wheeler, the "Defendants") by and through their undersigned counsel, and hereby Answer Plaintiff's Amended Complaint ("Complaint") as follows:

1.      Defendants admit that the United States has brought this action on the basis of the Fair Housing Act.  Defendants deny any violation of the Fair Housing Act.

**JURISDICTION AND VENUE[1]**

2.      The allegations contained in Paragraph 2 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants admit this Court has jurisdiction.

3.      The allegations contained in Paragraph 3 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants admit venue is proper.

**FACTUAL ALLEGATIONS**

4.      Admit.

---

[1]For clarity and ease of reference, Defendants use the same headings in their Answer as used in Plaintiff's Amended Complaint.  To the extent any headings could be interpreted as factual allegations requiring a responsive pleading, Defendants deny the allegations contained in the headings.

1

21358525.1

5.     Admit.

6.     Defendants deny the allegations contained in Paragraph 6 of the Complaint except admit that Wheeler is the sole owner of Landscape Center and is an employee of Landscape Center.

7.     Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     Admit.

9.     Defendants admit that Wheeler owns property located at 138 Winthrop Road, Augusta, ME, 104 Silver Street, Waterville, ME, and 704 Western Avenue, Manchester, ME and that Landscape Center owns property located at 44-46 Gage Street, Augusta, ME.  Defendants further admit that Landscape Center previously owned property located at 639 Sabattus Road, Sabattus, ME and 131-135 Ash Street, Lewiston, ME.

10.     The allegations contained in Paragraph 10 of the Complaint contain conclusions of law to which no response is required.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Wheeler acted as property manager for propert(ies) owned by Landscape Center during the time frames when such propert(ies) were owned by Landscape Center.  Defendants admit that Wheeler has sent eviction notices and appeared in housing court related to the propert(ies) owned by Landscape Center but has done so in conjunction with the advice and assistance of counsel.

**<u>DEFENDANT WHEELER'S HARASSMENT</u>**

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning any unnamed tenant's mental state and/or practices with regard window blinds and/or commute preferences.

21358525.1

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning any unnamed tenant's laundry practices.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 concerning any unnamed tenant's reasons for not leaving her apartment and/or for asking her children to move in with her.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 concerning any unnamed tenant's mental state and/or practices with regard her door and/or reasons for moving out of her apartment.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation whether Wheeler, at some point in 2020, may have lawfully communicated to an unnamed female tenant that she owed rent.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations concerning an unnamed prospective tenant's living conditions following any lawful decision by Defendants to not enter into a lease agreement with such unnamed prospective tenant.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

21358525.1

## CAUSE OF ACTION

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted against Defendants and further fails to state facts sufficient to entitle Plaintiff to any form of relief.

### SECOND AFFIRMATIVE DEFENSE

The alleged damages, if proven, resulted from the acts and/or omissions of persons or entities for whose conduct Defendants are neither legally liable nor responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or the unidentified "aggrieved persons" have failed to mitigate the alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendants were not the proximate cause of any alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff and/or the unidentified "aggrieved persons" is limited and/or barred by applicable statutes of limitations.

4

21358525.1

## SEVENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff and/or the unidentified "aggrieved persons" is limited and/or barred by the fact that Defendants have no prior violations of the Fair Housing Act.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have complied with all applicable laws, regulations, and standards with respect to the alleged claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the unidentified "aggrieved persons" have not suffered an injury in fact.

## TENTH AFFIRMATIVE DEFENSE

The claims for relief are barred by laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not act intentionally, willfully, or in reckless disregard of the rights of others.

## TWELFTH AFFIRMATIVE DEFENSE

The allegations are insufficient to establish a pattern or practice under the Fair Housing Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not actively engaged, nor have ever been engaged, in any pattern or practice that violates the Fair Housing Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

The allegations are not sufficient to establish that a group of persons have been denied any rights granted by the Fair Housing Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have not denied any group or persons any rights granted by the Fair Housing Act.

21358525.1

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred by res judicata.

## SEVENTEETH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by unnamed "aggrieved persons" are barred by the doctrine of accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Based on information and belief, and subject to facts that may be obtained during discovery, Defendants assert that some or all of the acts about which the Plaintiff now complains were not unwelcome to the aggrieved persons, and, thus, the Plaintiff is barred from recovery in this action on their behalf as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert that any acts which the aggrieved persons claim were not welcome were not severe and pervasive so as to alter the terms and conditions of their residency.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants assert that the aggrieved persons did not lose a tangible housing benefit as a result of their alleged refusal of Defendants' alleged demands.  Therefore, Plaintiff is barred from any recovery in this action as a matter of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent the unidentified tenants in Plaintiff's Complaint were obligated under a lease agreement, such failure of the tenant to comply with the lease requirements, including but not limited to rent payments, constitutes a breach of the leach for which eviction action is neither unlawful or discriminatory.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or impaired by the tenant's breach of lease and contract.

21358525.1

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's request for damages is unrecoverable as the damages are speculative, vague, and impossible to ascertain or allocate.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Some or all of the claims asserted by unnamed "aggrieved persons" are barred for failure to exhaust administrative remedies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part as any eviction action undertaken by Defendants was in response to legitimate, non-discriminatory and lawful factors, and such action was not unlawful or in violation of the Fair Housing Act.

Pursuant to Fed. R. Civ. P. 8 and 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to the Complaint, and Defendants reserve the right to amend their Answer to the Complaint to allege additional defenses as subsequent investigation warrants.

WHEREFORE, Defendants request that this Court dismiss this action, or find in favor of Defendants on all counts, and award them their costs and expenses, including attorneys' fees, and grant such other relief in their favor that this Court deems just and appropriate.

**DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE**

21358525.1

Dated at Portland, Maine this 30th day of January, 2024.

Respectfully submitted,

Brooke K. Haley, Esq.
Jeffrey T. Edwards, Esq.
Alexandra A. Harriman, Esq.
PRETI FLAHERTY
One City Center, P.O. Box 9546
Portland, Maine  04112-9546
(207) 791-3000

21358525.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I electronically filed the foregoing Answer to Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notifications of such filing(s) to all registered participants as identified in the CM/ECF electronic filing system for this matter.

Brooke K. Haley, Esq.
PRETI FLAHERTY
One City Center, P.O. Box 9546
Portland, Maine  04112-9546
(207) 791-3000

21358525.1